## (March 10, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN DOE et al. In the Matter of WBAI-FM et al. THE PEOPLE OF THE STATE OF NEW YORK v. EDWIN A. GOODMAN et al.— Motion for a stay denied on the ground that the motion has become academic in view of the release of appellant Goodman by the Federal court pending appellate proceedings in this court. Appellants are to procure the record on appeal and appellants' points to be served and filed on or before March 24, 1972, with notes of issue for the April, 1972 Term of this court; respondent's points to be served and filed on or before April 7, 1972; with reply points, if any, to be served and filed on or before April 14, 1972. The District Attorney has issued a subpoena duces tecum to respondents. The latter made an application to quash the subpoena which was denied by the Supreme Court. Upon refusal of the applicants to comply with the subpoena, the court summarily fined the corporate respondest $250 and ordered imprisonment of the individual respondent for a period of 30 days. Respondents served a notice of appeal and applied to the Supreme Court for a stay of execution and for bail pending the appeal. That application was denied. Respondents then made this motion in this court for the same relief. Pending the hearing of this motion respondents applied for the same relief to a Judge of this court which was denied on the specific ground that our procedure (CPL 460.50, subd. 3) allows only one such application. A preference on the hearing of the appeal was granted. A like application was made to a Judge of the Court of Appeals and denied. Respondents then sued out a writ of habeas corpus in the United States District Court. Pursuant to that writ the individual respondent was admitted to bail pending further proceedings. While the U. S. District Court made the ruling subject to change upon further

application, that ruling is currently in effect and the individual respondent is at large. The situation presented upon this motion is that all the relief pending the hearing of the appeal that could be obtained is already in effect. Under these circumstances any determination would be academic and would continue so just as long as the ruling of the District Court remains in effect. The motion is consequently denied. This ruling does not affect the preference granted on the application for an order to show cause, nor would it prevent a further application in the event that there is a change in the circumstances predicating this ruling. Concur — Markewich, J. P., Murphy and Steuer, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: I differ on the procedure. In my opinion, the Federal court had no business intervening in this matter, and therefore we should proceed regardless of their action. It should be noted, however, that the transcript shows that Judge Frankel of the Federal District Court made it clear that he was acting only on an interim basis pending further action in our court. Getting closer to the merits, while I do not think that WBAI was necessarily correct in its position in refusing to produce copies of tapes already broadcast, nonetheless we are still in a grey area of the law as to what freedom of speech and press rights are involved, and under the circumstances the individual should not be jailed pending an expedited appeal here, which preference Judge McNally has already granted. There is also a good question of whether the CPL or the CPLR applies, because while the contempt is in a criminal case, it is a civil contempt, and therefore we can consider the stay. Accordingly, I would grant the stay provided the appeal is perfected forthwith.